IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **El Amor Bey,** | ) CASE NO. 1:21 CV 1928 |
| | ) |
| **Plaintiff,** | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| **Christopher C. Smith,** | ) **AND ORDER** |
| | ) |
| **Defendant.** | ) |
| | ) |

### Introduction

*Pro se* Plaintiff El Amor Bey has filed a fee-paid complaint in this case against City of Parma Police Officer Christopher C. Smith. (Doc. No. 1.) The complaint and its various attachments are impossible to decipher and do not set forth cogent allegations, but it is clear the complaint pertains to a traffic stop of Plaintiff by Officer Smith in Parma, Ohio on September 14, 2021, and traffic and other charges subsequently brought against him in Parma Municipal Court and the Cuyahoga County Court of Common Pleas. A criminal case is currently pending against Plaintiff in the Cuyahoga County Court of Common Pleas on charges of carrying concealed weapons an improperly handling firearms in a motor vehicle. *State of Ohio v. Brandon Sayles*, No. CR-21-663511-A (Cuyahoga Cty. Ct. of Comm. Pls).

In his complaint, Plaintiff asserts four claims apparently related to his stop, Officer Smith's conduct, and the charges subsequently brought against him: (1) a claim for deprivation of rights by "severe acts of terrorism" in violation of 42 U.S.C. § 1983 (First Claim for Relief) (Doc. No. 1 at 12, ¶ 116); (2) conspiracy against his rights in violation of 18 U.S.C. §§ 241 and 242 (Second Claim for Relief) (*id.* at 13-14); (3) treason in violation of 18 U.S.C. § 2381 (Third Claim for Relief) (*id.* at 14-15); and (4) kidnaping in violation of 18 U.S.C. § 2381 and 18 U.S.C. § 1324 (the Immigration and Nationality Act ("INA")) (Fourth Claim for Relief) (*id.* at 15-16).

Defendant has filed an answer to the complaint, and Plaintiff has filed other pleadings, including a "Request [for] Sum of Damages" (Doc. No. 8) and a "Request [for] Injunctive Relief" (Doc. No. 10).

**Standard of Review and Discussion**

Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs are still required to meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal courts are courts of limited jurisdiction, and "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Sua sponte* dismissal of even a fee-paid complaint is appropriate without affording the plaintiff an opportunity to amend where the plaintiff's claims

"lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480.

The Court finds that Plaintiff's complaint must be dismissed pursuant to *Apple v. Glenn* because, even liberally construed, it lacks the legal plausibility necessary to invoke federal subject matter jurisdiction over any claim.

First, Plaintiff's complaint is totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion to the extent he purports to allege claims under the federal criminal statutes he cites in his complaint. Plaintiff has no private right of action under any of the federal criminal statutes he cites and pursuant to which he seeks relief in Claims Two through Four. *See, e.g., U.S. v. Oguaju*, 76 Fed. Appx. 579, 581 (6th Cir. 2003) (there is no private right of action for conspiracies to violate civil rights under 18 U.S.C. §§ 241 and 242); *Miles v. United States*, No. 2: 15-cv-1085, 2015 WL 8539042, at *2 (S.D. Ohio Dec. 11, 2015) (no private right of action under the treason statute, 18 U.S.C. § 2381); *Brahmbhatt v. Yusa Corporation*, No. 1: 09-cv-068, 2009 WL 10709634, at *6 (S.D. Ohio June 23, 2009) (no private right of action under the INA).

Second, the Court finds that Plaintiff's First Claim for Relief under § 1983 must also be dismissed in accordance with *Apple v. Glenn*. Plaintiff's largely incomprehensible allegations in his pleadings – including his assertions of "acts of terrorism" in connection with the stop and the subsequent state criminal proceedings against him – are so incoherent, implausible, unsubstantial, or frivolous that they fail to meet basic pleading requirements necessary to state a plausible claim under § 1983 or give rise to a right to relief above a speculative level. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a

-3-

claim for relief).

Further, even were Plaintiff's allegations sufficient to allege a discernible, cognizable claim, this Court lacks subject matter jurisdiction over Plaintiff's complaint under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 44–45 (1971), which prohibits federal court intervention in pending state proceedings involving important state interests unless extraordinary circumstances are present. Federal court abstention under *Younger* is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Here, whatever the basis is for Plaintiff's federal claims, all of the factors warranting *Younger* abstention are present. Plaintiff's complaint clearly pertains to a pending state court criminal matter, which is of paramount state interest. *See Younger*, 401 U.S. at 44–45. And he has not set forth cogent allegations or facts reasonably suggesting that the Ohio courts cannot or will not provide him an adequate opportunity to raise any valid federal claim or objection he has in the pending state proceeding.

Accordingly, the Court finds dismissal of Plaintiff's complaint warranted under *Younger*. *See Moore v. City of Garfield Heights*, No. 1: 12-cv-17000, 2012 WL 5845369, at *5 (N.D. Ohio Nov. 19, 2012), citing *Wheat v. Jessamine Journal Newspaper*, No. 96-6426, 1996 WL 476435 (6th Cir. Aug. 20, 1996) (stating that dismissing a case rather than staying it is appropriate under *Younger* where a plaintiff fails to state a viable claim for relief).

-4-

### Conclusion

For all of the foregoing reasons, Plaintiff's complaint lacks the legal plausibility necessary to establish federal subject matter jurisdiction over any claim and is dismissed pursuant to the Court's authority established in *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: January 20, 2022